# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:93CR00010-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **OBED HOYTE,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Obed Hoyte, Pro Se Defendant.*

The defendant, Obed Hoyte, was convicted by a jury of possession with intent to distribute or distribution of crack cocaine as well as other offenses. On March 24, 1994, he was sentenced by this court to life imprisonment, plus a consecutive term of 60 months. In 2001, the life sentence was reduced to 360 months, following the defendant's motion under 18 U.S.C.A. § 3582(c)(2) (West 2000), based on a retroactive amendment of the sentencing guidelines by the United States Sentencing Commission, which reduced the defendant's base offense level from 40 to 38.[1]

The defendant has now submitted a letter to the court, requesting the appointment of counsel to assist him in filing another motion under § 3582(c)(2)

---

[1] Amendment 504 reduced the upper limit of the Drug Quantity Table to level 38. The defendant was held responsible for at least 5 but less than 15 kilograms of crack cocaine, which before Amendment 504 had a level 40.

because of the recent retroactive application of Amendment 706 to the sentencing guidelines.

Pursuant to its statutory authority, the Sentencing Commission has amended the advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of § 3582(c)(2).

Based on a review of the court's records, it is clear that the amended guidelines do not apply to the defendant because his base offense level of 38 remains the same.[2] *See* U.S. Sentencing Guideline Manual ("USSG") § 2D1.1(c)(1) (2008) (providing a base offense level of 38 for 4.5 kilograms or more of cocaine base). The Sentencing Commission's policy statement does not permit a reduction of sentence unless a

---

[2] The defendant relies on the recent successful motion under § 3882(c)(2) by a codefendant, Kenton Omar Perrin. However, Perrin had an original offense level of 40, which was reduced to 38 by the crack cocaine amendment.

- 2 -

retroactive amendment has the effect of lowering the defendant's applicable guideline range.  *See* USSG § 1B1.10(a)(2)(B) (2008).

The defendant points out that he has a commendable prison record. Unfortunately for the defendant, the court is unable to consider such a fact unless an inmate qualifies under § 3582(c)(2), which, for the reasons stated herein, the defendant does not.

Accordingly, it is **ORDERED** that the defendant's request for counsel, which the court will treat as a motion for reduction in sentence (#366), is DENIED.

ENTER: December 22, 2008

/s/ JAMES P. JONES  
Chief United States District Judge

- 3 -