IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:93CR00010-01 |
| v. | **OPINION** |
| OBED HOYTE, | By: James P. Jones |
| Defendant. | United States District Judge |

*Obed Hoyte, Pro Se Defendant.*

On April 8, 1994, the court sentenced defendant Obed Hoyte to 420 months' imprisonment, ECF No. 188, and on August 16, 2006, I dismissed Hoyte's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. *Hoyte v. United States*, No. 7:06CV00078, 2006 WL 2375526, at *1 (W.D. Va. Aug. 16, 2006). Nearly ten years later, Hoyte has filed three motions: Motion to Set Aside, Void Judgment Pursuant to Rule 60(b); Motion for Bail/Release; and Motion to Amend 60(b) Motion. ECF Nos. 466-468. The Motion to Set Aside, Void Judgment and its accompanying Motion to Amend attack the validity of the convictions and sentence.

A Rule 60(b) motion that seeks to remedy some defect in a prior collateral review process should be deemed a "proper" motion to reconsider. *United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003). However, a Rule 60(b) motion

that seeks to add a new ground for collateral relief is in fact a second or successive collateral attack, regardless of how the motion is captioned. *Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Hoyte's Rule 60(b) motion falls squarely within the class of motions that must be construed as a new § 2255 motion. Because Hoyte fails to establish that the United States Court of Appeals for the Fourth Circuit has authorized him to file a successive § 2255 motion, the construed § 2255 motion must be dismissed without prejudice as successive pursuant to 28 U.S.C. § 2255(h). Consequently, the Motion for Bail/Release is denied as moot, and the Motion to Amend the Motion to Set Aside, Void Judgment is denied as futile.

DATED: February 7, 2017

/s/ James P. Jones
United States District Judge